UNITED STATES BANKRUPTCY COURT
District of New Jersey

Albert Russo
Po Box 4853
Trenton, NJ  08650-4853
(609) 587-6888
Standing Chapter 13 Trustee

Order Filed on February 7, 2022
by Clerk
U.S. Bankruptcy Court
District of New Jersey

In re:

Diana M. Kazlauskas-Shaw

Debtor(s)

Case No.: 18-30886 / CMG

Hearing Date:  02/02/2022

Judge: Christine M. Gravelle

Chapter: 13

# ORDER CONFIRMING MODIFIED CHAPTER 13 PLAN

The relief set forth on the following pages, numbered two (2) through three (3) is **ORDERED**.

**DATED: February 7, 2022**

Honorable Christine M. Gravelle
United States Bankruptcy Judge

The modified plan of the debtor having been proposed to creditors, and a hearing having been held on the confirmation of such modified plan, and it appearing that the applicable provisions of the Bankruptcy Code have been complied with; and for good cause shown, it is

**ORDERED** that the modified plan of the above named debtor, dated 12/29/2021, or the last amended plan of the debtor be and it is hereby confirmed. The Standing Trustee shall make payments in accordance with 11 U.S.C. § 1326 with funds received from the debtor.

**ORDERED** that the plan of the debtor is confirmed to pay the Standing Trustee for a period of 84 months.

**ORDERED** that the debtor shall pay the Standing Trustee, Albert Russo, based upon the following schedule, which payments shall include commission and expenses of the Standing Trustee in accordance with 28 U.S.C. § 586:

      $15,440.00 PAID TO DATE

      $500.00 for 24 months beginning 1/1/2022

      $1,700.00 for 22 months beginning 1/1/2022

**ORDERED** that the case is confirmed to pay 100% dividend to general unsecured creditors.

**ORDERED** that the Standing Trustee shall be authorized to submit, ex-parte, an Amended Confirming Order, if required, subsequent to the passage of the claims bar date(s) provided under Fed. R. Bank. P. 3002.

**ORDERED** that the debtor's attorney be and hereby is allowed a fee pursuant to the filed 2016(b) Statement. Any unpaid balance of the allowed fee shall be paid to said attorney through the Chapter 13 plan by the Standing Trustee.

**ORDERED** that if the debtor should fail to make plan payments or fail to comply with other plan provisions for a period of more than 30 days, the Standing Trustee may file, with the Court and serve upon the Debtor and Debtor's Counsel, a Certification of Non-Receipt of Payment and request that the debtor's case be dismissed. The debtor shall have fourteen (14) days within which to file with the Court and serve upon the Trustee a written objection to such Certification.

**ORDERED** that upon completion of the plan, affected secured creditors shall take all steps necessary to remove of record any lien or portion of any lien discharged.

**ORDERED** that the Standing Trustee is <u>not authorized</u> to pay post-petition claims filed pursuant to 11 U.S.C. § 1305(a).

**ORDERED** that student loans are to be paid outside of the Chapter 13 Plan.

**ORDERED** that if the debtor has provided for a creditor to be paid in the plan and no Proof of Claim is filed by such creditor before expiration of the applicable bar date, the debtor, pursuant to F.R.B.P. 3004, must file a Proof of Claim on behalf of the creditor within 30 days of the expiration of the applicable bar date. If the time period pursuant to F.R.B.P. 3004 has expired, the debtor must file a Proof of Claim on behalf of the creditor **and** file a motion to allow the Trustee to pay the late filed claim, or the debtor may obtain a Consent Order with the creditor authorizing the Trustee to pay an amount certain in the plan.

**ORDERED** that, notwithstanding the order of distribution set forth in the plan, the Trustee disbursements shall be made pursuant to the following order of distribution: administrative claims, secured claims, priority claims, general unsecured claims.

**ORDERED** as follows:

Supplemental fee application to be filed within 10 (ten) days of submission of the Order Confirming Modified Chapter 13 Plan.

The plan length is extended to a total of 84 months pursuant to the Cares Act.

United States Bankruptcy Court

District of New Jersey

In re:                                                                                      Case No. 18-30886-CMG
Diana M. Kazlauskas-Shaw                                                                    Chapter 13
    Debtor

# CERTIFICATE OF NOTICE

| District/off: 0312-3 | User: admin | Page 1 of 2 |
|---|---|---|
| Date Rcvd: Feb 07, 2022 | Form ID: pdf903 | Total Noticed: 1 |

The following symbols are used throughout this certificate:
**Symbol    Definition**

\+           Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Feb 09, 2022:**

**Recip ID        Recipient Name and Address**
db              + Diana M. Kazlauskas-Shaw, 240 Petticoat Bridge Road, Columbus, NJ 08022-1405

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Feb 09, 2022                          Signature:         /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on February 7, 2022 at the address(es) listed below:

**Name**                **Email Address**

Albert Russo
    docs@russotrustee.com

Albert Russo
    on behalf of Trustee Albert Russo docs@russotrustee.com

Denise E. Carlon
    on behalf of Creditor NEWREZ LLC D/B/A SHELLPOINTMORTGAGE SERVICING dcarlon@kmllawgroup.com bkgroup@kmllawgroup.com

John R. Morton, Jr.
    on behalf of Creditor Ally Capital ecfmail@mortoncraig.com mortoncraigecf@gmail.com

John R. Morton, Jr.
    on behalf of Creditor Ally Financial ecfmail@mortoncraig.com mortoncraigecf@gmail.com

Regina Cohen

District/off: 0312-3     User: admin     Page 2 of 2

Date Rcvd: Feb 07, 2022     Form ID: pdf903     Total Noticed: 1

    on behalf of Creditor Ally Financial rcohen@lavin-law.com  ksweeney@lavin-law.com

Shauna M Deluca

    on behalf of Debtor Diana M. Kazlauskas-Shaw sdeluca@raslg.com

Sindi Mncina

    on behalf of Creditor NEWREZ LLC D/B/A SHELLPOINTMORTGAGE SERVICING smncina@raslg.com

Thomas J Orr

    on behalf of Debtor Diana M. Kazlauskas-Shaw tom@torrlaw.com  xerna@aol.com;orrtr87054@notify.bestcase.com

U.S. Trustee

    USTPRegion03.NE.ECF@usdoj.gov

TOTAL: 10